Smith, J.
We are of the opinion that the court of common pleas did not err in overruling the demurrer filed to the answer of the defendant, the trustee, or on failure of plaintiff to plead further, in dismissing the action. That when the absolute owner of property, conveys it to a trustee, for the benefit of another during her lifetime, the said trustee has the right during the life time of the beneficiary to control the occupancy of the estate for the use of the beneficiary,or to allow her to use and occupy the same, and receive *364 the rents thereof, and when such conveyance contains a provision, that no interest in the above described real estate is to be incumbered by the beneficiary by mortgage, deed or other conveyance, or by judgment lien, nor to be subjected by any legal or equitable proofs for the payment of her debts or obligations, and when the trustee has retained the full control of the estate, and there is no money in his hands arising therefrom to which the beneficiary is entitled, that a creditor of the beneficiary can not by means of a creditor’s bill require such trustee from the rents thereafter to be received from the land, to pay the claim of such creditor.
We think it was the manifest intention of the person making this conveyance to the trustee, to limit the equitable title thereby conveyed to the beneficiary, and to prevent the application of any part of the interest given to her from being applied, before it was turned over to her, to the payment of her debts, and that the grantor had the right to do this. This conclusion, we think, is supported by the following authorities. 133 Mass., 170; 91 U. S., 716; 23 Atlantic, 383; 19 Atlantic, 393; 14 C. C., 547.